IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARVIN JAMES COLE,<br><br>Defendant. | CR 23-29-GF-BMM<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Marvin James Cole has been accused of violating the conditions of his supervised release. (Doc. 61, 62). Cole admitted the alleged violations. Cole's supervised release should be revoked. Cole should be placed in custody for 12 months, with no supervised release to follow. The sentence imposed in this case should include credit for time served from April 3, 2025.

## II. Status

On October 5, 2023, Cole pleaded guilty to the charge of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6) as charged in the sole count of the indictment. (Doc. 1). The Court sentenced Cole to 18 months of custody, followed by 36 months of supervised release. (Doc. 43). Following his release from imprisonment, Cole was accused of violating conditions of his supervised release. (Doc. 50). A revocation hearing was

conducted on December 17, 2024. (Doc. 57 at 1). Cole was sentenced to a term of custody until February 28, 2025, with 33 months of supervised release to follow. Cole's current term of supervised release began on February 28, 2025. (Doc. 62 at 1).

### Petition

The United States Probation Office filed a petition on March 5, 2025, requesting that the Court revoke Cole's supervised release. (Doc. 61). The petition alleged that Cole had violated the conditions of his supervised release by failing to report to a probation office within the District of Montana within 72 hours of his release from custody.

### Amended Petition

The United States Probation office filed an amended petition on October 1, 2025, requesting that the Court revoke Cole's supervised release. (Doc. 62). The amended petition alleged Cole violated conditions of his supervised release by the added violation of committing a state or local crime. The amended petition stated that Cole was arrested for nine misdemeanor counts in Blaine County, Montana. The amended petition further indicates that Cole had pled guilty to driving under the influence of alcohol or drugs (second offense) (Count 1), criminal trespass to property (Count 5), and criminal mischief pecuniary loss less than $1,500 (Count 7).

**Initial appearance**

Cole appeared before the undersigned for his initial appearance on October 7, 2025. Cole was represented by counsel. Cole stated that he had read the petition and that he understood the allegations. Cole waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing in this case on October 7, 2025. Cole admitted that he had violated the conditions of his supervised release by: (1) failing to report to a probation office within 72 hours of his release from custody, and (2) pleading guilty to Counts 5 and 7 of his charges in Blaine County. The violations are serious and warrant revocation of Cole's supervised release. Cole's violation is a Grade C violation. Cole's criminal history category is I. Cole's underlying offense is a Class C felony. Cole could be incarcerated for up to 24 months. Cole could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Cole's supervised release should be revoked. Cole should be sentenced to 12 months of custody with no supervised release to follow. This sentence is sufficient

but not greater than necessary. The sentence imposed in this case should include credit for time served from April 3, 2025.

## IV. Conclusion

The Court informed Cole that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Cole of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Cole that Chief Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Marvin James Cole violated the conditions of his supervised release by failing to report to a probation office within 72 hours of his release from custody and by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Cole's supervised release
> and commit Cole to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow. The sentence imposed in this case should include credit for time served since April 3, 2025.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

      DATED this 9th day of October, 2025

                                      Kathleen L. DeSoto
                                      United States Magistrate Judge